CLOSED

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: <u>1:22–mj–00406–LB</u>–1
### *Internal Use Only*

Case title: USA v. Assi

Date Filed: 04/08/2022

Date Terminated: 04/11/2022

Assigned to: Magistrate Judge
Lois Bloom

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Raminderjit Assi**<br>*TERMINATED: 04/11/2022* | represented by | **Kathryn Wozencroft**<br>Federal Defenders of New York<br>One Pierrepont Plaza<br>Ste 16th Floor<br>Brooklyn, NY 11201<br>718–330–1207<br>Fax: 718–855–0760<br>Email: kathryn_wozencroft@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

**<u>Pending Counts</u>**                          **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Opening)</u>**

None

**<u>Terminated Counts</u>**                  **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Terminated)</u>**

None

**<u>Complaints</u>**                                   **<u>Disposition</u>**

21:841A=MD.F

---

**Plaintiff**

**USA**                                             represented by   **Andrew Reich**
                                                                    U.S. Attorney's Office
                                                                    271 Cadman Plaza East
                                                                    Brooklyn, NY 11201
                                                                    Email: Andrew.Reich@usdoj.gov
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*
                                                                    *Designation: Government Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/08/2022 | 1 | | RULE 40 AFFIDAVIT by USA as to Raminderjit Assi by Affiant Ryan W. Shipley (Sica, Michele) (Entered: 04/11/2022) |
| 04/08/2022 | 2 | | CJA 23 Financial Affidavit by Raminderjit Assi (Sica, Michele) (Entered: 04/11/2022) |
| 04/08/2022 | | | Arrest (Rule 40) of Raminderjit Assi (Sica, Michele) (Entered: 04/11/2022) |
| 04/08/2022 | 3 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: For a Removal Proceeding/Arraignment as to Raminderjit Assi (1) Count Complaint held on 4/8/2022, Attorney Appointment Hearing as to Raminderjit Assi held on 4/8/2022, Initial Appearance in Rule 5(c)(3) Proceedings as to Raminderjit Assi held on 4/8/2022 AUSA Andrew Re3ich; Federal Defender, Katie Wozencroft; Pretrial Officer Valeria Lopez. Defense presented a bail package as stated on the record; The government opposed as stated on the record. The Court stated concerns on the record and made asked for a 2nd call on this case. Defense secured a hotel room for the defendant to stay in until Monday 4–11–2022. The Court ordered the release of the defendant on a $200,000.00 bond with conditions. The defendant was advised of bond conditions and signed the bond, 2 sureties were sworn and advised of bond obligations and signed the bond. A Status conference is set for Monday 4–11–2022 before the duty Magistrate Judge Mann at 11am Brady Act Rule 5f ordered on the record. (FTR Log #3:10–3:36 2nd 4:16–4:36.) (Sica, Michele) (Entered: 04/11/2022) |
| 04/08/2022 | 4 | | *SEALED* ORDER Setting Conditions of Release as to Raminderjit Assi (1) 200,000. Ordered by Magistrate Judge Lois Bloom on 4/08/2022. (Sica, Michele) (Entered: 04/11/2022) |
| 04/11/2022 | | | Minute Entry for Status Conference as to Raminderjit Assi held on 4/11/2022 before Magistrate Judge Roanne L. Mann: AUSA Andrew Reich; FDNY Katie Wozencroft for Defendant; PTS Rob Long present. Status conference held. Defendant will travel to Buffalo, NY today and stay in a hotel until his court appearance in WDNY on Wednesday, 4/13/2022. Time excluded from 4/11/2022 to 4/13/2022 for reasons stated on the record. (FTR Log #Courtroom 11B, 11:11–11:24) (Hugh, Lewis) (Entered: 04/11/2022) |
| 04/11/2022 | | | ORDER TO CONTINUE – Ends of Justice as to Raminderjit Assi Time excluded from 4/11/2022 until 4/13/2022.. Ordered by Magistrate Judge Roanne L. Mann on 4/11/2022. (Hugh, Lewis) (Entered: 04/11/2022) |

AB:ADR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

RAMINDERJIT ASSI

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT IN SUPPORT
OF REMOVAL TO THE
WESTERN DISTRICT OF
NEW YORK
(Fed. R. Crim. P. 5)

Case No. 22-MJ-406

EASTERN DISTRICT OF NEW YORK, SS:

      Ryan W. Shipley, being duly sworn, deposes and states that he is a Special Agent with Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      On or about August 27, 2020, the United States District Court for the Western District of New York issued an arrest warrant commanding the arrest of RAMINDERJIT ASSI on an indictment charging violations of Title 21, United States Code, Sections 841(a)(1), 846, 952 and 963, and Title 18, United States Code, Section 2 (conspiracy to possess with intent to distribute marijuana, possession of marijuana with intent to distribute, conspiracy to import marijuana and importation of marijuana).

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1]     Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1.      On or about August 27, 2020, the United States District Court for the Western District of New York issued an arrest warrant commanding the arrest of RAMINDERJIT ASSI for violations of Title 21, United States Code, Sections 841(a)(1), 846, 952 and 963, and Title 18, United States Code, Section 2, following his indictment on those charges.  A true and correct copy of the Indictment is attached hereto as Exhibit A.  A true and correct copy of the Arrest Warrant is attached hereto as Exhibit B.

2.      The defendant was arrested at LaGuardia Airport on April 8, 2022 at approximately 12:15 a.m. by U.S. Customs and Border Protection ("CBP") personnel.  He was transported to John F. Kennedy International Airport where he was processed and transferred to HSI custody.  The defendant stated to me that his name was "Raminderjit Assi."  I asked the defendant his date of birth, which he provided, and which was the same as RAMINDERJIT ASSI's date of birth.  The defendant's passport contained RAMINDERJIT ASSI's name and date of birth.  I also recognized the defendant from a photograph of RAMINDERJIT ASSI that I had reviewed pursuant to the investigation.

3.      Based on the foregoing, I submit that there is probable cause to believe that the defendant is the RAMINDERJIT ASSI wanted in the Western District of New York.

2

WHEREFORE, your deponent respectfully requests that the defendant

RAMINDERJIT ASSI be removed to the Western District of New York so that he may be dealt

with according to law.

/s/ Ryan W. Shipley

_____

Ryan W. Shipley
Special Agent
HSI

Sworn to before me this
8th day of April, 2022

_____

THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

*IN THE DISTRICT COURT OF THE UNITED STATES*

ORIGINAL
RECEIVED AND FILED
U.S. DISTRICT COURT CLERK
WESTERN DISTRICT OF NEW YORK

AUG 2 7 2020

BY: _____

*for the Western District of New York*

October 2019 GRAND JURY
(Impaneled 10/18/2019)

THE UNITED STATES OF AMERICA

-vs-

**RAMINDERJIT ASSI**
(Counts 1-4), and

INDICTMENT  **20  CR  123**

**Violations:**
Title 21, United States Code,
Sections 841(a)(1), 846, 952, and 963;
Title 18, United States Code,
Section 2
(4 Counts and Forfeiture Allegation)

## COUNT 1

**(Conspiracy to Possess with Intent to Distribute Marijuana)**

### The Grand Jury Charges That:

From in or about 2017, the exact date being unknown, until on or about April 9, 2019,

in the Western District of New York, and elsewhere, the defendants, **RAMINDERJIT ASSI**

, did knowingly, willfully, and unlawfully combine, conspire,

and agree together and with others, known and unknown, to commit the following offenses,

that is, to possess with intent to distribute, and to distribute, marijuana, a Schedule I

controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

### (Possession of Marijuana with Intent to Distribute)

### The Grand Jury Further Charges That:

On or about April 9, 2019, in the Western District of New York, and elsewhere, the defendants, RAMINDERJIT ASSI ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ did knowingly, intentionally, and unlawfully possess with intent to distribute marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## COUNT 3

### (Conspiracy to Import Marijuana)

### The Grand Jury Further Charges That:

From in or about 2017, the exact date being unknown, until on or about April 9, 2019, in the Western District of New York, and elsewhere, the defendants, RAMINDERJIT ASSI ▮▮▮▮▮▮▮▮▮▮▮ did knowingly, willfully, and unlawfully combine, conspire, and agree together and with others, known and unknown, to commit the following offenses, that is, to import into the United States from a place outside thereof, that is, Canada, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(4).

All in violation of Title 21, United States Code, Section 963.

2

## COUNT 4

### (Importation of Marijuana)

### The Grand Jury Further Charges That:

On or about April 9, 2019, in the Western District of New York, and elsewhere, the defendants, **RAMINDERJIT ASSI** did knowingly, intentionally, and unlawfully import into the United States from a place outside thereof, that is, Canada, marijuana, a Schedule I controlled substance.

**All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(4).**

### FORFEITURE ALLEGATION

### The Grand Jury Alleges That:

Upon conviction of any of the controlled substance offenses alleged in Counts 1 through 4 of this Indictment, the defendants, **RAMINDERJIT ASSI** shall forfeit to the United States any property constituting, and derived from proceeds obtained, directly and indirectly, as a result of said violations and any and all property used, and intended to be used, in any manner and part, to commit and to facilitate the commission of said violations, including, but not limited to the following:

## MONETARY JUDGMENT:

The sum of two hundred and sixteen thousand dollars ($216,000) in United States currency, to be evidenced by a monetary judgment issued by this Court in aforesaid amount. Said judgment amount will accrue at the prevailing rate per annum and serve as a judgment and lien against defendant's property, wherever situated until fully satisfied.

3

All pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2) and 853(p).

DATED:  Buffalo, New York, August 27, 2020.


JAMES P. KENNEDY, JR.
United States Attorney

BY:     S/BRENDAN T. CULLINANE
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716/843-5875
        Brendan.Cullinane@usdoj.gov

A TRUE BILL:

S/FOREPERSON

4

# EXHIBIT B

AO 442 (Rev. 11/11) Arrest Warrant

# United States District Court
### for the
### Western District of New York

United States of America

v.

**RAMINDERJIT ASSI**      Case No. 20-CR-

_____     **20 CR 123**

*Defendant*

## ARREST WARRANT

To:    Any authorized law enforcement officer

     **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* RAMINDERJIT ASSI, who is accused of an offense or violation based on the following document filed with the Court:

☒ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint

☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

**Title 21, United States Code, Sections 841(a)(1), 846, 952, and 963; Title 18, United States Code, Section 2.**

Date:    __AUG 2 7 2020__          **MARY C. LOEWENGUTH**
                                         *Issuing officer's signature*

City and State:   __Buffalo, New York__      MARY C. LOEWENGUTH
                                           <u>CLERK OF THE COURT</u>
                                           *Printed name and Title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____, at *(city and state)* _____. |
| Date: _____          _____ <br>                                          *Arresting officer's signature* <br><br> _____ <br>                                          *Printed name and title* |

| CJA-23 (Rev 3/21) | **FINANCIAL AFFIDAVIT** |
|---|---|
| | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |

**IN THE UNITED STATES** ☑ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify Below)*

IN THE CASE OF

| | | FOR | LOCATION NUMBER |
|---|---|---|---|
| U.S.A. v. Assi | | AT | |

PERSON REPRESENTED *(Show your full name)*

Raminderjit Assi

| 1 ☑ Defendant - Adult | DOCKET NUMBERS |
|---|---|
| 2 ☐ Defendant - Juvenile | Magistrate Judge |
| 3 ☐ Appellant | Bloom |
| 4 ☐ Probation Violator | District Court |
| 5 ☐ Supervised Release Violator | EDNY |
| 6 ☐ Habeas Petitioner | Court of Appeals |
| 7 ☐ 2255 Petitioner | |
| 8 ☐ Material Witness | |
| 9 ☐ Other *(Specify)* | |

CHARGE/OFFENSE *(Describe if applicable & check box→)* ☑ Felony ☐ Misdemeanor

21 USC 841, 846, 963, 952

JB 4/8/22

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| INCOME & ASSETS | EMPLOYMENT | Do you have a job? ☑ Yes ☐ No |
|---|---|---|
| | | IF YES, how much do you earn per month? 3,200.00 (U.S.) |
| | | Will you still have a job after this arrest? ☐ Yes ☐ No ☐ Unknown |
| | PROPERTY | Do you own any of the following, and if so, what is it worth? |
| | | **APPROXIMATE VALUE** | **DESCRIPTION & AMOUNT OWED** |
| | | Home $_____ _____ |
| | | Car/Truck/Vehicle $_____ _____ |
| | | Boat $_____ _____ |
| | | Stocks/bonds $_____ _____ |
| | | Other property $_____ _____ |
| | CASH & BANK ACCOUNTS | Do you have any cash, or money in savings or checking accounts? ☐ Yes ☐ No |
| | | IF YES, give the total approximate amount after monthly expenses $_____ |

| OBLIGATIONS, EXPENSES, & DEBTS | How many people do you financially support? _____ | | |
|---|---|---|---|
| | **BILLS & DEBTS** | **MONTHLY EXPENSE** | **TOTAL DEBT** |
| | Housing | $_____ | $_____ |
| | Groceries | $_____ | $_____ |
| | Medical expenses | $_____ | $_____ |
| | Utilities | $_____ | $_____ |
| | Credit cards | $_____ | $_____ |
| | Car/Truck/Vehicle | $ 315.00 (U.S. currency) | $_____ |
| | Childcare | $_____ | $_____ |
| | Child support | $_____ | $_____ |
| | Insurance | $ 315.00 (U.S. currency) | $_____ |
| | Loans | $_____ | $_____ |
| | Fines | $_____ | $_____ |
| | Other | $ 60.00 (U.S. currency) | $ phone |

I certify under penalty of perjury that the foregoing is true and correct.

_____
SIGNATURE OF DEFENDANT
(OR PERSON SEEKING REPRESENTATION)

4/8/2022
Date

**INITIAL APPEARANCE CALENDAR**

Magistrate Judge : _Lois Bloom_     Date: _4/8/22_

Magistrate Case Number: _22 - M - 406_     LOG #: _3:10 - 3:36_ _2nd_ _4:16 - 4:36_

Defendant's Name: _Ramindarjit Assi_

__✓__ Court appointed counsel.   ____ Defendant retained counsel.

Defense Counsel: _Katie Wozencroft_     CJA:___ FDNY:_✓_ RET:___

A.U.S.A. _Andrew Reich_     Clerk : _M. Slee_

Interpreter : _____     Language: _____

_Removal_

__✓__ ARRAIGNMENT on Complaint held.  ____ Government Agent Sworn

__✓__ DETENTION HEARING Held:  __✓__ Government opposed bail for reasons stated on the record.

   __✓__ Bond set at $_200,000.00_.   ____ Bond set on consent of both parties.

__✓__ Defendant :  __✓__ released ____ held pending satisfaction of bond conditions.

   __✓__ Defendant advised of bond conditions set by the Court and signed the bond.

   _2_ Surety(ies) sworn, advised of bond obligations by the Court and signed the bond.

   ____ (Additional) surety/ies to co-sign bond by _____

   ____ After detention hearing, Court orders detention in custody.  ____ Leave to reopen granted

____ Temporary Order of Detention Issued. Bail Hearing set for _____

____ At this time, defense counsel states on the record that the defendant does not have a bail application / package. Order of detention entered with leave to reapply to a Magistrate or to the District Court Judge to whom the case will be assigned.

____ Preliminary Hearing set for:_____ ; or   ____ waived by defendant

__✓__ Status Conference set for:_11 AM_     before Judge _Mann Duty Magistrate_

__✓__ Rule 5f warnings given to the Govt.  ____ Medical memo issued.

____ REMOVAL (Rule 5) PROCEEDING held. To the district of: _____

   ____ Identity hearing held. Court ____ orders removal ____ denies removal

   __✓__ Defendant waives:  __✓__ identity hearing ____ preliminary hearing

   ____ Identity/ Removal Hearing set for: _____

   ____ No bail application presented to the Court. Commitment to the District _____ entered.

Other Comments/Rulings: _Defense presented a bail application as stated on the record. The Government opposed as stated on the record. The Court stated concerns on the record. The Court asked defense to secure a hotel room for the defendant to stay in until Monday 4-11-22._

**United States District Court, Eastern District of New York**

| UNITED STATES OF AMERICA | **ORDER SETTING CONDITIONS OF RELEASE** |
|---|---|
| V. | **AND APPEARANCE BOND** |

Raminderjit Assi , Defendant.

Case Number: 22-m. 406

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or

[✓] Upon **Bond** executed by the defendant in the amount of $ 200,000.00 , and
secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[✓] 1.  The defendant must remain in and may not leave the following areas without Court permission: [✓] New York City; [ ] Long Island, NY; [ ] New York State; [ ] New Jersey; [✓] WDNY to court date and travel to and from this Court and the permitted areas.

[ ] 2.  The defendant must avoid all contact with the following persons or entities: _____

[ ] 3.  The defendant must avoid and not go to any of the following locations: _____

[✓] 4.  The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.

[✓] 5.  The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
   [ ] a.  is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
   [✓] b.  must report [ ] as directed by Pretrial Services or [✓] in person ___ times per _____ and/or [✓] by telephone ___ times per _____.
   [ ] c.  must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
   [ ] d.  must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
   [✓] e.  is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
      [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
      [✓] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services. [ ] _____
      [✓] curfew: restricted to home every day from _____ to _____, or [✓] as directed by Pretrial Services.
   [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/or from available insurance.

[✓] 6.  Other Conditions: Dft will stay in a Hotel until 4/11/22, address known to pretrial services.

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ _____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court in the sum of $ _____ ;
[ ] premises located at: _____ owned by _____ .
[ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.

| | | Date |
|---|---|---|
| X Babaljit Kuprai-Assi , Surety | Address: 3115- Edgar Ave Burlington Ontario | 4/8/22 |
| Mangal Assi , Surety | Address: " same " | 4/8/22 |
| _____ , Surety | Address: _____ | _____ |

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

X _____
Signature of Defendant

Release of the Defendant is hereby ordered on 4/8 20 22

_____ , USMJ

Distribution:   Canary - Court    Pink - Pretrial Services    Goldenrod -Defendant

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.

(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.

(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION
## AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.

2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.

3. If defendant is subject to a location restriction program or location monitoring, defendant must:

    (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.

    (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

Distribution: Canary - Court    Pink - Pretrial Services    Goldenrod -Defendant