IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  20-CR-123-JLS

RAMINDERJIT ASSI,

        Defendant.

---

## PLEA AGREEMENT

The defendant, **RAMINDERJIT ASSI**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 4 of the Indictment which charges a violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(4) (importation of marijuana into the United States) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 2 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS OF THE CRIME AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

- a. That the defendant intentionally brought a controlled substance into the United States from some place outside of the United States as charged in the Indictment;

- b. That the defendant knew that the substance being imported was a controlled substance; and

- c. That the defendant knew he was importing the controlled substance into the United States.

## FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

- a. On or about April 9, 2019, the defendant and his co-conspirator did knowingly and intentionally import into the United States from a place outside thereof, that is, Canada, marijuana, a Schedule I controlled substance.

- b. Specifically, the defendant and his co-conspirator obtained a helicopter and helicopter pilot licenses for the purpose of importing marijuana into the United States. The defendant and his co-conspirator researched

methods of smuggling marijuana into the United States, including by helicopter. On April 9, 2019, the defendant and a co-conspirator flew a helicopter from Canada into United States airspace. Specifically, the helicopter flew to Beaver Island Park on Grand Island, NY where the co-conspirators left four red duffle bags. Before the bags could be collected by a co-conspirator, U.S. Border Patrol located these bags.

c. The red duffle bags were found to contain a total of 49 kilograms of marijuana in vacuum sealed bags.

d. Radar data from the Federal Aviation Administration (FAA), CBP Air and Marine Operations, and NavCanada determined that the defendant and his co-conspirator had turned off the transponder on the helicopter, failed to check-in with required towers, and failed to submit a required flight plan. Radar confirmed that the helicopter had traveled from a helipad in Canada to Grand Island, NY. Surveillance footage from the helipad in Canada revealed the defendant and his co-conspirator had prepared and operated the helicopter at take-off and returned in the helicopter after the illegal incursion.

e. The defendant later admitted he had flown the helicopter.

f. At least 40 kilograms but less than 60 kilograms of marijuana is the amount of defendant's relevant conduct encompassed in the Indictment which could be readily proven by the government against the defendant.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(11) apply to the offense of conviction and provide for a base offense level of **18**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristic does apply:

   a. Pursuant to Guidelines § 2D1.1(b)(3) (use of an aircraft to unlawfully import a controlled substance), the offense level increases to **26**.

## ACCEPTANCE OF RESPONSIBILITY

8. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **23**.

## CRIMINAL HISTORY CATEGORY

9. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

4

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10.     It is the understanding of the government and the defendant that with a total offense level of **23** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **46 to 57** months, a fine of **$20,000 to $250,000**, and a period of supervised release of **2-3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court at the time of sentence impose a **33 to 41** month term of imprisonment, as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

12.     The defendant understands that, except as set forth in ¶ 11, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction become final.

## V. ALIEN STATUS

15. The defendant understands that, as a result of the defendant's guilty plea and conviction, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

16. If the defendant is eligible and applies to transfer the defendant's sentence pursuant to the international prisoner transfer program, the Office of the United States Attorney for the Western District of New York agrees not to oppose the defendant's transfer application. Defendant acknowledges and understands, however, that the transfer decision

rests in the sole discretion of the Office of Enforcement Operations (OEO) of the Criminal Division of the United States Department of Justice and that the position of the Office of the United States Attorney for the Western District of New York is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OEO. Defendant further understands that in addition to OEO, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

17. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

18. At sentencing, the government will move to dismiss the open counts of the Indictment in this action as against the defendant.

19.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

### VII.    APPEAL RIGHTS

20.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the term of imprisonment of **46 to 57** months, a fine of **$20,000 to $250,000**, and a period of supervised release of **2-3** years, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence.

21.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than term of imprisonment of **33 to 41** months, a fine of **$20,000 to $250,000**, and a period of supervised release of **2-3** years, notwithstanding the manner in which the Court determines the sentence. However,

in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, **RAMINDERJIT ASSI**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
MICHAEL J. ADLER
Assistant United States Attorney

Dated: June 30, 2023

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, Robert C. Singer, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
RAMINDERJIT ASSI
Defendant

Dated: June 30, 2023

_____
ROBERT C. SINGER, ESQ.
Attorney for the Defendant

Dated: June 30, 2023

9