UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

```
UNITED STATES OF AMERICA,    *        Docket Number:
                                    1:20-cr-00123-JLS-HKS-1
                             *
                             *        Buffalo, New York
             v.              *        June 30, 2023
                             *        1:00 p.m.
                             *
RAMINDERJIT ASSI,            *        PLEA HEARING
                             *
        Defendant (1).       *
                             *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:          TRINI E. ROSS,
                            UNITED STATES ATTORNEY,
                            By MICHAEL J. ADLER, ESQ.,
                            Assistant United States Attorney,
                            Federal Centre,
                            138 Delaware Avenue,
                            Buffalo, New York  14202,
                            Appearing for the United States.


For the Defendant 1:        SINGER LEGAL, PLLC.,
                            By ROBERT C. SINGER, ESQ.,
                            80 East Spring Street,
                            Williamsville, New York  14221.


The Courtroom Deputy:       JANE KELLOGG

```
 1   The Court Reporter:              BONNIE S. WEBER, RPR,
                                      Notary Public,
 2                                    Robert H. Jackson Courthouse,
                                      2 Niagara Square,
 3                                    Buffalo, New York  14202,
                                      Bonnie_Weber@nywd.uscourts.gov.
 4

 5          Proceedings recorded by mechanical stenography,
                   transcript produced by computer.
 6

 7

 8               (Proceedings commenced at 1:00 p.m.)

 9

10          THE CLERK:  All rise.

11          The United States District Court for the Western

12   District of New York is now in session.  The Honorable John

13   Sinatra presiding.

14          THE COURT:  Please be seated.

15          THE CLERK:  The Court advises parties and listeners

16   that they are strictly prohibited from recording these

17   proceedings in whole or in part by any device.

18          United States versus Raminderjit Assi, Docket Number

19   20-CR-123.  This is the date set for a plea hearing.

20          Counsel, please state your appearances before the

21   record.

22          MR. ADLER:  Michael Adler for the United States, Your

23   Honor.

24          MR. SINGER:  And good afternoon, Judge.  Robert Singer

25   on behalf of Mr. Assi, who is present.
```

1       **THE COURT:**  Good afternoon, Counsel.  Good afternoon,

2   Mr. Assi.

3       Mr. Singer, I understand that your client is here to

4   enter a guilty plea pursuant to the plea agreement presented and

5   signed today; is that correct?

6       **MR. SINGER:**  That's correct, Your Honor.

7       **THE COURT:**  Mr. Adler, there are some revisions,

8   paragraph 4E, regarding the factual basis.  Also, the applicable

9   term of supervised release under the guidelines, and to the

10  elements of the crime in paragraph three.

11      Have there been any other changes to the initial draft

12  agreement provided on June 23?

13      **MR. ADLER:**  I don't recall if the original plea that

14  was provided to the Court had a forfeiture section, but that is

15  no longer in this plea, if it did.

16      **THE COURT:**  No forfeiture section in this plea?

17      **MR. ADLER:**  That's correct.

18      **THE COURT:**  Okay.  All right.  The signed plea

19  agreement will be incorporated into and made a part of this

20  proceeding.

21      Are there any victims, Mr. Adler?

22      **MR. ADLER:**  No, Your Honor.

23      **THE COURT:**  Mr. Assi, before I accept your guilty

24  plea, I want to be sure that you are fully informed of your

25  rights, that you understand those rights, and that you

1  understand the nature of this proceeding today and the

2  consequences of pleading guilty.

3          If you don't understand something that I say or a

4  question that I ask, tell me, I'll try to make it clearer.  And

5  if you need time to speak with your lawyer, say that and I'll

6  accommodate that as well, okay?

7          **THE DEFENDANT:**  Yes, Your Honor.

8          **THE COURT:**  Okay.  Would you please stand and raise

9  your right hand to take the oath.

10         Ms. Kellogg --

11

12   **RAMINDERJIT ASSI,** having first been duly sworn, testified as

13                          follows:

14

15         **THE DEFENDANT:**  Yes, I do.

16         **THE COURT:**  Okay.  Please be seated.

17         Mr. Assi, do you speak, read and understand English?

18         **THE DEFENDANT:**  Yes, I do.

19         **THE COURT:**  You just took an oath that you would

20  answer my questions truthfully.

21         If you say something that is not true, that statement

22  may be used against you later in a separate criminal

23  prosecution, such as for perjury or for making a false

24  statement, or it may result in other consequences from this

25  Court.

1              Do you understand that?

2              **THE DEFENDANT:**  Yes, Your Honor.

3              **THE COURT:**  Do you understand that you have the right

4    to remain silent and not to answer any of my questions?

5              **THE DEFENDANT:**  Yes, I do.

6              **THE COURT:**  Do you want to answer my questions and

7    give up that, right?

8              **THE DEFENDANT:**  Yes, I do.

9              **THE COURT:**  Mr. Singer, do you join in that?

10             **MR. SINGER:**  I do, Your Honor, yes.

11             **THE COURT:**  Mr. Assi, what's your full name?

12             **THE DEFENDANT:**  Raminderjit Assi.

13             **THE COURT:**  And where were you born?

14             **THE DEFENDANT:**  Hamilton, Ontario.

15             **THE COURT:**  When were you born?

16             **THE DEFENDANT:**  April 29th, 1995.

17             **THE COURT:**  Okay.  How old does that make you?

18             **THE DEFENDANT:**  28.

19             **THE COURT:**  Are you married?

20             **THE DEFENDANT:**  No.

21             **THE COURT:**  Do you have any children?

22             **THE DEFENDANT:**  No.

23             **THE COURT:**  How far along in school did you go?

24             **THE DEFENDANT:**  I finished my high school.

25             **THE COURT:**  Okay.  You are able to read?

1              **THE DEFENDANT:**  Yes.

2              **THE COURT:**  Were you able to read the plea agreement

3     that you signed in full on your own, before you signed it?

4              **THE DEFENDANT:**  Yes, I did.

5              **THE COURT:**  What is your citizenship?

6              **THE DEFENDANT:**  Canadian.

7              **THE COURT:**  And what was your most recent employment?

8              **THE DEFENDANT:**  Construction.

9              **THE COURT:**  Are you currently seeing a doctor for any

10    physical or mental health condition that could affect your

11    ability to read, communicate, make decisions or understand these

12    proceedings?

13             **THE DEFENDANT:**  No, I am not.

14             **THE COURT:**  Do you have any mental condition or

15    disability that would prevent you from fully understanding the

16    charges against you or the consequences of your guilty plea?

17             **THE DEFENDANT:**  No, Your Honor.

18             **THE COURT:**  Have you recently been treated for a

19    mental illness or addiction to narcotics?

20             **THE DEFENDANT:**  No to drugs.  And I've been speaking

21    with mental health.

22             **THE COURT:**  Is there anything about what brought you

23    to that mental health counselling or anything about that

24    counselling that affects your judgment?

25             **THE DEFENDANT:**  No.

1          **THE COURT:**  Is there anything about any of that that

2    affects your ability to understand what you are doing here

3    today?

4          **THE DEFENDANT:**  No, it doesn't.

5          **THE COURT:**  Are you currently under the influence of

6    any drug, medication or alcohol?

7          **THE DEFENDANT:**  No, Your Honor.

8          **THE COURT:**  Is there any medication that your doctor

9    wants you to take that you're not taking?

10          **THE DEFENDANT:**  No.

11          **THE COURT:**  Is there any reason we should not proceed

12    with this change of plea hearing today?

13          **THE DEFENDANT:**  No.

14          **THE COURT:**  Okay.  Mr. Singer, did you speak with

15    Mr. Assi about this proceeding today?

16          **MR. SINGER:**  Yes, I did, Your Honor.

17          **THE COURT:**  Do you have any reason to believe that he

18    should not proceed with this plea today?

19          **MR. SINGER:**  I do not.

20          **THE COURT:**  And do you believe he is competent to

21    proceed?

22          **MR. SINGER:**  I do, Your Honor.

23          **THE COURT:**  Did you share with him all formal plea

24    offers by the Government?

25          **MR. SINGER:**  I did, Your Honor.

1     **THE COURT:**  Mr. Assi, did you speak with your lawyer

2  about the charge against you, your rights, the proposed plea

3  agreement and your options?

4     **THE DEFENDANT:**  Yes, I did.

5     **THE COURT:**  Are you satisfied with the advice and

6  counsel you've received from Mr. Singer?

7     **THE DEFENDANT:**  Yes.

8     **THE COURT:**  Based on the statements of Mr. Assi and

9  his counsel and my observations, I find that Mr. Assi is in full

10  possession of his faculties and competent to proceed.

11     Next, the Due Process Protections Act and Federal Rule

12  of Criminal Procedure 5F1 require me to direct the prosecution

13  to comply with its obligations under Brady and its progeny to

14  disclose to the defense all information, admissible or not, that

15  is favorable to the defendant, material either to guilt or

16  punishment and known to the prosecution.

17     Possible consequences for noncompliance may include

18  dismissal of individual charges or the entire case, exclusion of

19  evidence and professional discipline or court sanctions on the

20  attorneys responsible.

21     I'm going to enter that order now that more fully

22  describes the allegation and possible consequences, and I will

23  direct the prosecution to comply with it.

24     **MR. ADLER:**  Yes, Your Honor.

25     **THE COURT:**  In the meantime, Mr. Adler, do you confirm

 1   that the Government has complied with the requirements of this

 2   order up until now?

 3           **MR. ADLER:**  Yes, Your Honor.

 4       **THE COURT:**  Next, Mr. Assi, did you receive a copy of

 5   the indictment, which is the written statement of the charges

 6   against you?

 7           **THE DEFENDANT:**  Yes, I did.

 8       **THE COURT:**  In Count Four of that indictment, the

 9   grand jury charges you with importation of marijuana into the

10   United States.

11           You have several Constitutional rights that you will

12   be giving up if you plead guilty to this Count Four, and I'll

13   discuss those with you now.

14           You have the right to plead not guilty to any offense

15   charged against you and to persist in that plea throughout the

16   process.  In fact, earlier in the case you entered a plea of not

17   guilty to all charges.

18           You have the right to continue and persist in that

19   plea.  You have the right to a speedy and public trial.

20           You have the right to a jury trial, and at that trial

21   you would have the right to participate in selecting the jury

22   from members of the community.

23           At trial, you will be presumed innocent and the

24   Government would have to prove your guilt by proving each

25   element of this charge beyond a reasonable doubt.

1          The jury would have to be unanimous.  In particular,

2    the jurors would have to reach a unanimous verdict on this Count

3    Four to convict you of importation of marijuana into the United

4    States.

5          If both you and the Government gave up the right to a

6    jury trial, you would have the right to be tried by the Court,

7    and that means by me.

8          You have the right to be represented by counsel and to

9    have your lawyer assist with your defense.  You have that right

10   at trial and at every other stage of the proceedings against

11   you, including any appeal.

12         If you can't afford a lawyer, the Court will appoint

13   one for you free of charge to assist you at trial and at every

14   other stage of the proceedings.

15         At trial, you have the right to confront and

16   cross-examine the witnesses against you.  And that means you

17   have the right to see the witnesses, hear them testify and have

18   them questioned by your lawyer.

19         You have the right to present a defense at trial,

20   including the right to testify on your own behalf, present

21   evidence, call witnesses to testify, and have witnesses

22   subpoenaed and required to come to court to testify on your

23   behalf.

24         You also have the right to be protected from compelled

25   self-incrimination, and that means you have the right to remain

1  silent and not to testify at trial.

2          No one can force you to testify or to incrimination

3  yourself.  If you plead guilty, you give up the right to be

4  protected from compelled self-incrimination and you will be

5  incriminating yourself.

6          If you went to trial and were convicted, you would

7  have the right to appeal your conviction and your sentence.

8          If you plead guilty and if I accept your guilty plea,

9  you will waive each of these rights.  In particular, if you

10  plead guilty, you agree that this is your day in Court and there

11  will be no trial.

12          Pleading guilty will have the same effect to you as if

13  you went to trial and the jurors reached a unanimous guilty

14  verdict as to this charge.

15          By pleading guilty, you waive all of these rights,

16  including your right to appeal, except for a very limited right

17  to appeal your sentence, and we'll talk about that later.

18          Do you understand all of that?

19          **THE DEFENDANT:**  Yes, Your Honor.

20          **THE COURT:**  Did your lawyer advise you of all the

21  rights I just described?

22          **THE DEFENDANT:**  Yes, he did.

23          **THE COURT:**  Do you understand those rights?

24          **THE DEFENDANT:**  Yes, I do.

25          **THE COURT:**  Do you have any questions about any of

 1  them?

 2          **THE DEFENDANT:**  No, Your Honor.

 3          **THE COURT:**  Do you need more time to talk to your

 4  lawyer about your rights?

 5          **THE DEFENDANT:**  No, I don't.

 6          **THE COURT:**  Do you want to give up those rights?

 7          **THE DEFENDANT:**  Yes, I do.

 8          **THE COURT:**  Mr. Singer, are you satisfied that your

 9  client is waiving these rights knowingly, voluntarily and

10  intelligently?

11          **MR. SINGER:**  I am.

12          **THE COURT:**  Do you join and agree with each waiver?

13          **MR. SINGER:**  I do.

14          **THE COURT:**  Okay.  On to the plea agreement.

15          Mr. Assi, did you sign this plea agreement, I believe

16  on page nine?

17          **THE DEFENDANT:**  Yes, Your Honor.

18          **THE COURT:**  Did you read it before you signed it?

19          **THE DEFENDANT:**  Yes, I did.

20          **THE COURT:**  Did you discuss the plea agreement with

21  your lawyer before you signed it?

22          **THE DEFENDANT:**  Yes, I did.

23          **THE COURT:**  Do you understand everything in this

24  agreement?

25          **THE DEFENDANT:**  Yes, Your Honor.

1    **THE COURT:**  Do you agree with everything in it?

2    **THE DEFENDANT:**  Yes.

3    **THE COURT:**  Do you have any questions about this

4    agreement?

5    **THE DEFENDANT:**  No, Your Honor.

6    **THE COURT:**  Do you need more time to discuss it with

7    your lawyer?

8    **THE DEFENDANT:**  No, Your Honor.

9    **THE COURT:**  Do you understand that I am not a party to

10   this agreement, and that means I'm not bound by its terms?

11   **THE DEFENDANT:**  Yes, I do.

12   **THE COURT:**  Other than what's contained on the pages

13   of the written plea agreement that you signed, did anyone make

14   any promises, representations or guarantees to you to try to get

15   you to plead guilty?

16   **THE DEFENDANT:**  No, Your Honor.

17   **THE COURT:**  Other than what's contained in the written

18   plea agreement that you signed, and other than a general

19   discussion of the sentencing guidelines and other sentencing

20   considerations with your lawyer -- other than all of that, did

21   anyone promise you leniency or a particular sentence or any

22   other incentive to get you to plead guilty?

23   **THE DEFENDANT:**  No, Your Honor.

24   **THE COURT:**  Is anyone forcing you to plead guilty?

25   **MR. SINGER:**  Just one moment, Judge.

1          Can you repeat that last question, Judge?  I'm sorry.

2          **THE COURT:**  Other than what's contained in the written

3     plea agreement that you signed, and other than a general

4     discussion of the sentencing guidelines and other sentencing

5     considerations with your lawyer, other than all of those things,

6     did anyone promise you leniency or a particular sentence or any

7     other incentive to get you to plead guilty?

8          **THE DEFENDANT:**  Yes, Your Honor.

9          **THE COURT:**  Did anyone promise you leniency, a

10    particular sentence or any other incentive to get you to plead

11    guilty, other than the things that I just told you?

12          **THE DEFENDANT:**  No, Your Honor.

13          **THE COURT:**  Okay.  Is anyone forcing you to plead

14    guilty?

15          **THE DEFENDANT:**  No.

16          **THE COURT:**  Did anyone try to threaten you, someone in

17    your family or someone close to you to get you to plead guilty?

18          **THE DEFENDANT:**  No, Your Honor.

19          **THE COURT:**  Whether to plead guilty is your decision,

20    not your lawyer's.

21          You should do what you want to do, not what you think

22    your lawyer wants you to do and not what you think anyone else

23    wants you to do.

24          Do you understand that?

25          **THE DEFENDANT:**  Yes, I do.

1          **THE COURT:**  Is your decision to plead guilty voluntary

2    and of your own free will?

3          **THE DEFENDANT:**  Yes.

4          **THE COURT:**  You are agreeing to plead guilty to one of

5    the charges against you, that is Count Four of the indictment.

6          Again, that alleges that you knowingly, intentionally

7    and unlawfully imported marijuana into the United States in

8    violation of 21 United States Code 952(a), 960(a)(1) and

9    960(b)(4).

10          The Government would have to prove the following

11    elements beyond a reasonable doubt if the case were to go to

12    trial.

13          First, that you intentionally brought a controlled

14    substance into the United States from someplace outside of the

15    United States, as charged in the indictment.

16          Second, that you knew that the substance being

17    imported was a controlled substance.

18          And, third, that you knew you were importing the

19    controlled substance into the United States.

20          Do you understand the nature of this charge?

21          **THE DEFENDANT:**  Yes, I do.

22          **THE COURT:**  And do you understand the elements of the

23    charge that I just explained?

24          **THE DEFENDANT:**  Yes, Your Honor.

25          **THE COURT:**  Did you discuss the charge and its

 1  elements with your lawyer?

 2          **THE DEFENDANT:**  Yes, I did.

 3          **THE COURT:**  Do you have any questions about the charge

 4  or its elements?

 5          **THE DEFENDANT:**  No, Your Honor.

 6          **THE COURT:**  Were you advised of the maximum penalties

 7  for this charge?

 8          **THE DEFENDANT:**  Yes, I was.

 9          **THE COURT:**  On page one in paragraph one of your

10  agreement, you'll see that the maximum possible sentence is a

11  term of imprisonment of five years and a fine of $250,000, as

12  well as a term of supervised release of at least two years.

13  Also, there is a $100 mandatory special assessment.

14          Do you understand these maximum penalties?

15          **THE DEFENDANT:**  Yes, I do.

16          **THE COURT:**  Supervised release is a form of post

17  imprisonment supervision.  It does not replace a portion of the

18  sentence of imprisonment.

19          Instead, it's an order of supervision in addition to

20  any term of imprisonment that I may impose.

21          During any term of supervised release, you must comply

22  with certain terms and conditions that I set and that the

23  probation office sets with my approval.

24          Do you understand that?

25          **THE DEFENDANT:**  Yes, Your Honor.

1          **THE COURT:**  If you are placed on supervised release,

2    and if I find by a preponderance of the evidence that you

3    violated a condition of that release, you may be returned to

4    prison for all or part of the term of supervised release, up to

5    one year without credit for time previously served on supervised

6    release.

7          Do you understand that?

8          **THE DEFENDANT:**  Yes, I do.

9          **THE COURT:**  If you violate a condition of supervised

10   release, you could end up serving more time in prison than set

11   forth in the statutory maximum.

12         Do you understand that?

13         **THE DEFENDANT:**  Yes, Your Honor.

14         **THE COURT:**  I don't know if you are currently on

15   parole, probation or supervised release in some other criminal

16   case.

17         If you are, today's guilty plea may provide a basis

18   for revoking that parole, probation or supervised release.  As a

19   result, you may be returned to prison on that other case, if

20   there is one.

21         Do you understand that?

22         **THE DEFENDANT:**  Yes, I do.

23         **THE COURT:**  Parole no longer exists in the Federal

24   system.  So if you are sent to prison, you will not be released

25   on parole.

1            Do you understand that?

2            **THE DEFENDANT:**  Yes, I do.

3            **THE COURT:**  You are pleading guilty to a felony, and

4   that might result in the loss of valuable civil rights.  For

5   example, the rights to vote, to hold public office, to serve on

6   a jury, and to possess a firearm.

7            Do you understand that?

8            **THE DEFENDANT:**  Yes, I do.

9            **THE COURT:**  Did you discuss with your attorney the

10  possible immigration consequences if you plead guilty?

11           **THE DEFENDANT:**  Yes, I did.

12           **THE COURT:**  If I accept your guilty plea, you may be

13  removed from the United States.

14           Do you understand?

15           **THE DEFENDANT:**  Yes, Your Honor.

16           **THE COURT:**  You also may be denied United States

17  citizenship in the future and denied admission to the United

18  States in the future if you plead guilty.

19           Do you understand that?

20           **THE DEFENDANT:**  Yes, Your Honor.

21           **THE COURT:**  Do you understand that your ability to

22  enter or remain or reside in the United States is subject to the

23  laws of the United States and the regulations and policies of

24  the Department of Homeland Security?

25              Do you understand that?

1          **THE DEFENDANT:**  Yes, Your Honor.

2          **THE COURT:**  As a result, the Department of Homeland

3     Security will determine any affect that your conviction in this

4     case will have upon your immigration status in a separate

5     proceeding.

6          Do you understand that?

7          **MR. SINGER:**  One moment, Judge.  Thank you, Judge.

8          **THE COURT:**  Do you understand what I just asked you,

9     Mr. Assi?

10          **THE DEFENDANT:**  Yes, Your Honor.

11          **THE COURT:**  I'll ask it again, so we have it clear.

12     Do you understand that your ability to enter, to remain, to

13     reside in the United States, anything of those things, is

14     subject to the laws of the United States and the regulations and

15     policies of the Department of Homeland Security?

16          **THE DEFENDANT:**  Yes, Your Honor.

17          **THE COURT:**  As a result, the Department of Homeland

18     Security will determine any affect that your conviction in this

19     case might have upon your immigration status in a separate

20     proceeding.

21          Do you understand that?

22          **THE DEFENDANT:**  Yes, Your Honor.

23          **THE COURT:**  Did you talk with your lawyer about the

24     possible consequences of your conviction on your immigration

25     status?

1          **THE DEFENDANT:**  Yes, Your Honor.

2          **THE COURT:**  Do you understand that no one, not your

3    lawyer, not me, can predict to a certainty the effect of a

4    conviction in this case might have on you immigration status?

5          **THE DEFENDANT:**  Yes, Your Honor.

6          **THE COURT:**  With knowledge and understanding of the

7    possible consequences, do you want to proceed with your guilty

8    plea?

9          **THE DEFENDANT:**  Yes, I do.

10          **THE COURT:**  Mr. Adler, would you please explain

11    paragraph 16 for the defendant's benefit?

12          **MR. SINGER:**  Judge, before we proceed, can I just have

13    one other moment?  I'm sorry.

14          **THE COURT:**  Yes.

15          **MR. SINGER:**  Thank you, Judge.  We can proceed.

16          **THE COURT:**  Mr. Adler --

17          **MR. ADLER:**  Judge, the United States has a

18    treaty-based program called a prisoner transfer that is largely

19    operated out of the Office of Enforcement Operations through the

20    International Prisoner Transfer Unit.

21          It allows for certain defendants, who are citizens of

22    other countries, to apply for transfer of their jail term to

23    their home country.

24          Paragraph 16 merely says that the United States

25    Attorneys Office here in the Western District of New York will

1    not object if the defendant does take that -- make that

2    application.

3          However, it also makes clear that it's not actually up

4    to us.  It is up to the Office of Enforcement Operations, as

5    well as the country of Canada as well, to decide whether or not

6    that transfer would be appropriate.

7          **THE COURT:**  Do you understand that, Mr. Assi?

8          **THE DEFENDANT:**  Yes, Your Honor.

9          **THE COURT:**  Did you discuss the facts of your case,

10   possible defenses and the possible punishment with your lawyer?

11         **THE DEFENDANT:**  Yes, Your Honor.

12         **THE COURT:**  And did you tell your lawyer everything

13   that you know about your case?

14         **THE DEFENDANT:**  Yes, Your Honor.

15         **THE COURT:**  In paragraph four of your plea agreement,

16   you and the Government agree to certain facts regarding the

17   charge that you are planning to plead guilty to.

18         Mr. Adler, would you please summarize or read the

19   facts the Government would be prepared to prove if this case

20   were to go to trial?

21         **MR. ADLER:**  Yes, Your Honor.  In summary, on April 9,

22   2019, the defendant and his co-conspirator flew a helicopter

23   from Canada into United States airspace.

24         That helicopter had 49 kilograms of marijuana.  The

25   helicopter flew to Beaver Island Park on Grand Island, here in

1  the Western District of New York.

2          A CBP officer -- excuse me -- observed that helicopter

3  leaving towards Canada, and subsequently found four duffel bags

4  with the marijuana contained therein vacuum concealed.

5          The defendant did later admit that he had flown that

6  helicopter.

7          **THE COURT:**  Thank you, Mr. Adler.

8          Mr. Assi, do you understand what the prosecutor just

9  said?

10          **THE DEFENDANT:**  Yes, Your Honor.

11          **THE COURT:**  Is what he said about you, your conduct

12  and your intent true?

13          **THE DEFENDANT:**  Yes, Your Honor.

14          **THE COURT:**  Mr. Adler, how would the Government prove

15  those facts at trial, if there were a trial?

16          **MR. ADLER:**  Judge, we would hear testimony from a CBP

17  officer, specifically the one who observed the helicopter

18  departing and subsequently located the vacuum-sealed marijuana.

19          We'd also here from a laboratory expert, who would

20  testify about the weight and the substance, namely marijuana, in

21  the vacuum-sealed bags.

22          We would present evidence of the defendant's

23  involvement in both the purchase of the helicopter and his

24  records for obtaining a helicopter license prior to the

25  April 9th, 2019, marijuana drop.

1          We would hear testimony from a RCMP officer, who

2   actually stopped the defendant at a later date in Canada.  It

3   was on a suspicion of driving under the influence, and during

4   that, seized the defendant's phone.

5          We would hear testimony about the dump of that phone

6   in which the defendant had conversations with his co-conspirator

7   about smuggling marijuana into the United States, including

8   Whatsapp conversations with links to articles titled things such

9   as:  Top ten successful ways people have smuggled drugs into the

10  U.S., and smugglers in Canada can easily get helicopters.

11         We'd hear testimony from representatives of the

12  Federal Aviation Administration, the FAA, and other national

13  security agencies about the review of radar data that showed

14  that -- the flight path of the defendant's helicopter that day.

15         And we would also hear testimony from a representative

16  of Nav Canada about the defendant's failure to check in with

17  required towers; failure to submit a required flight plan, and

18  turning the transponder off during the April 9th, 2019, travel.

19         We would also see surveillance footage from the

20  helipad in Canada that showed the defendant and his

21  co-conspirator preparing the helicopter for takeoff, and then

22  returning out of the helicopter on April 9th, 2019.

23         And lastly, as noted before, we would hear about the

24  defendant's admission that he had flown the helicopter that day.

25         **THE COURT:**  Mr. Assi, do you understand that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Are you pleading guilty today because you

3    did the things that the plea agreement says you did and that are

4    charged in Count Four of the indictment?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  In your own words now, Mr. Assi, tell me

7    what it is you did that makes you believe you are guilty of

8    Count Four.

9          THE DEFENDANT:  Can I have a minute?

10         THE COURT:  Yes.

11         (Discussion off the record.)

12         THE DEFENDANT:  I'm ready.

13         THE COURT:  Go ahead.

14         THE DEFENDANT:  I knowingly flew the helicopter with

15   marijuana -- packed with marijuana to bring it to the United

16   States.

17         THE COURT:  I think that covers it.

18         Mr. Adler, is the Government satisfied with the

19   factual basis?

20         MR. ADLER:  Yes, Your Honor.

21         THE COURT:  Next regarding the sentencing guidelines,

22   in paragraph six through 13 of your agreement, there is a

23   discussion of the sentencing guidelines.

24         I understand that you and the Government have agreed

25   to a specific sentencing range in this case, and that I would

1  impose a sentence within that range if I accept the plea

2  agreement at a later date, and we'll get to that.

3          First, I need to discuss the sentencing guidelines

4  generally.  The U.S. Sentencing Commission issues guidelines

5  that I must consult and take into account when determining

6  sentences.

7          Mr. Assi, if you plead guilty or are convicted after a

8  trial, I would calculate and consider the applicable sentencing

9  guidelines range and also consider upward and downward

10  departures.

11          I must consider the guidelines, but they are advisory

12  only, and that means I'm not bound to follow them when

13  determining your sentence.

14          Do you understand that?

15          **THE DEFENDANT:**  Yes, Your Honor.

16          **THE COURT:**  Also, when determining your sentence, I

17  will consider all of the factors in the sentencing statute.

18          Those factors include the nature and circumstances of

19  the offense; your own personal history and characteristics; the

20  need for the sentence to reflect the seriousness of the offense,

21  promote respect for the law and provide a fair punishment.

22          The need to deter others from committing crimes and to

23  protect the public from your crimes; the need to provide you

24  with educational or vocational training, medical care or other

25  correctional treatment.

1           The kinds of sentences available; any policy

2    statements issued by the Sentencing Commission; sentences given

3    to others who committed crimes similar to the one that you are

4    planning to plead guilty to, and the need to provide restitution

5    to victims, if there are any.

6           Mr. Assi, do you have any questions about those

7    statutory factors?

8           **THE DEFENDANT:**  No, Your Honor.

9           **THE COURT:**  Did you and your lawyer talk about how

10   those factors and the guidelines might be applied in your case?

11          **THE DEFENDANT:**  Yes, Your Honor.

12          **THE COURT:**  Do you understand that the conduct used to

13   compute your guidelines range will include both the conduct that

14   you plead guilty to, as well as any relevant conduct involving

15   counts that are dismissed or never charged?

16          **THE DEFENDANT:**  Yes, Your Honor.

17          **THE COURT:**  Do you understand that there might be

18   other conduct, including things that we're not even thinking

19   about right now, that might affect your sentencing guidelines

20   range?

21          **THE DEFENDANT:**  Yes, I do.

22          **THE COURT:**  If I accept your guilty plea, a

23   presentence report will be prepared before you are sentenced.

24          You and the Government will have a chance to review

25   that report; to challenge the reported facts and the guidelines

1    range calculation, and to suggest that I consider other factors

2    consistent with the plea agreement.

3            Do you understand that?

4            **THE DEFENDANT:**  Yes, Your Honor.

5            **THE COURT:**  Neither I nor your lawyer will be able to

6    determine the guidelines range in your case until the

7    presentence report has been prepared.

8            Do you understand that?

9            **THE DEFENDANT:**  Yes, Your Honor.

10           **THE COURT:**  In paragraphs six through nine, you and

11   the Government agree to sentencing guidelines calculations.

12           And in paragraph ten, you and the Government agree to

13   an understanding about a specific sentencing guidelines range.

14           Specifically, you and the Government agree that the

15   guidelines would call for a sentence of 46 to 57 months of

16   imprisonment, plus a fine of between $20,000 and $250,000, plus

17   a period of supervised release of two to three years.

18           Do you understand that I can accept this calculation

19   and also can reject it and find another guidelines calculation

20   on my own?

21           **THE DEFENDANT:**  Yes, Your Honor.

22           **THE COURT:**  Paragraph 11 below that is the Rule

23   11(c)(1)(C) plea agreement that you have with the Government.

24           In paragraph 11, you agree with the Government that

25   the Court, at the time of sentencing, should impose a sentence

1  between 33 and 41 months of imprisonment.

2        If I accept your guilty plea today, I plan not to

3  decide whether to accept or reject the plea agreement after

4  until reviewing the presentence report.

5        If at that time I reject the plea agreement and reject

6  your agreement with the Government to impose a sentence of 33 to

7  41 months of imprisonment, I must give you a chance to withdraw

8  your guilty plea.

9        Do you understand that?

10        **THE DEFENDANT:**  Yes, Your Honor.

11        **THE COURT:**  If I were to do that, I would give the

12  Government a chance to withdraw as well.

13        Do you understand that?

14        **THE DEFENDANT:**  Yes, Your Honor.

15        **THE COURT:**  If a situation were to arise that I reject

16  the plea agreement and neither you nor the Government chooses to

17  withdraw from it, in that scenario, regardless of the sentencing

18  guidelines calculation and regardless even of my own

19  calculation, I would then have the discretion to impose a

20  sentence that is more or less severe than the guidelines range,

21  as long as it's not more than the statutory maximum that we

22  discussed earlier.

23        Do you understand that?

24        **THE DEFENDANT:**  Yes, Your Honor.

25        **THE COURT:**  At that point, you would not be able to

1    withdraw your guilty plea based on the sentence I impose.

2         Do you understand that?

3         **THE DEFENDANT:**  Yes, I do.

4         **THE COURT:**  Do you understand that you and the

5    Government agree not to advocate for the application of any

6    other guideline, and not to move for any departure or recommend

7    a sentence outside the guidelines, except as set forth in the

8    agreement?

9         Do you understand that?

10        **THE DEFENDANT:**  Yes, Your Honor.

11        **THE COURT:**  Do you have any questions about the

12   sentence you may receive if I accept your guilty plea?

13        **THE DEFENDANT:**  No, Your Honor.

14        **THE COURT:**  Mr. Adler, please tell us about the

15   statute of limitation, which is covered in paragraph 14.

16        **MR. ADLER:**  Yes, Your Honor.  In the event that the

17   defendant's plea of guilty is withdrawn or the conviction

18   vacated, the defendant is agreeing that any charges that are

19   dismissed will automatically be restated and he will not assert

20   a statute of limitations defense for any federal criminal

21   offense, which isn't time barred as of today.

22        **THE COURT:**  Do you understand that, Mr. Assi?

23        **THE DEFENDANT:**  Yes, Your Honor.

24        **THE COURT:**  Next, Mr. Adler, please tell us about the

25   rights the Government reserves in paragraph 17, the Government's

1    obligation in 18 and defendant's agreement in 19.

2         **MR. ADLER:**  Judge, the Government has reserved the

3    right to provide the Court with all information and evidence

4    relevant to the defendant's background, involvement in the

5    offense and history.

6         To respond at sentencing to anything the defendant

7    says that is inconsistent with the Government's evidence; to

8    advocate for a specific sentence within the agreement; to modify

9    our position with respect to any sentencing recommendation if

10   something previously unknown becomes known.

11        We're also agreeing that we'll move to dismiss the

12   open count to the indictment in this action as against the

13   defendant at the time of sentencing.

14        And finally, the defendant is agreeing that any

15   financial records and information provided by the defendant to

16   the Probation office, either before or after sentencing, may be

17   disclosed to the U.S. Attorneys Office for the collection of any

18   unpaid financial obligation.

19        **THE COURT:**  Do you understand all of that, Mr. Assi?

20        **THE DEFENDANT:**  Yes, Your Honor.

21        **THE COURT:**  By entering into this plea agreement and

22   pleading guilty, you are giving up your right to appeal your

23   conviction.

24        You are also giving up your right to collaterally

25   attack your conviction by filing a motion in this Court.

1          Do you understand that?

2          **THE DEFENDANT:**  Yes, Your Honor.

3          **THE COURT:**  You are also giving up your right to

4     appeal or collaterally attack your sentence by filing a motion

5     in this Court, as long as the sentence is within or less than

6     the guidelines range we discussed earlier, even based on facts

7     you may learn in the future that you think would justify a

8     lesser sentence and even if the law changes in a way that you

9     believe justifies a lesser sentence.  And this is covered in

10    paragraphs 20 through 22.

11         Do you understand that?

12         **THE DEFENDANT:**  Yes, Your Honor.

13         **THE COURT:**  Did you discuss your right to appeal and

14    how pleading guilty affects that right with your lawyer?

15         **THE DEFENDANT:**  Yes, Your Honor.

16         **THE COURT:**  Based on that discussion and after

17    considering the issue, do you agree to give up your right to

18    appeal on the terms and conditions that I just stated?

19         **THE DEFENDANT:**  Yes, Your Honor.

20         **THE COURT:**  Is the plea agreement that you signed and

21    that we've been discussing today the complete agreement between

22    you and the Government?

23         **THE DEFENDANT:**  Yes, Your Honor.

24         **THE COURT:**  Did you review the entire agreement with

25    your lawyer?

 1          **THE DEFENDANT:**  Yes, I did.

 2          **THE COURT:**  Do you understand and agree with

 3   everything in it?

 4          **THE DEFENDANT:**  Yes.

 5          **THE COURT:**  Did anyone make any promises,

 6   representations or guarantees to you other than what's in this

 7   written agreement?

 8          **THE DEFENDANT:**  No, Your Honor.

 9          **THE COURT:**  Do you understand and agree that this

10   agreement is the final one and takes the place of any prior

11   verbal or written agreement you may have had with the

12   Government?

13          **THE DEFENDANT:**  Yes, Your Honor.

14          **THE COURT:**  Mr. Singer, did you and Mr. Assi sign the

15   plea agreement we've been discussing?

16          **MR. SINGER:**  We did, Your Honor.

17          **THE COURT:**  Did you discuss with him the contents of

18   every section, subsection, paragraph and subparagraph before he

19   signed it?

20          **MR. SINGER:**  I did.

21          **THE COURT:**  Does the signed agreement represent the

22   entire agreement between Mr. Assi and the Government?

23          **MR. SINGER:**  It does.

24          **THE COURT:**  Did you review with Mr. Assi the facts of

25   the case and all discovery provided by the Government?

1    **MR. SINGER:**  I did.

2    **THE COURT:**  Did you discuss with him the potential

3  defenses that he might have?

4    **MR. SINGER:**  Yes, Your Honor.

5    **THE COURT:**  Did you and your client agree that it was

6  in his best interest to enter this plea?

7    **MR. SINGER:**  We did.

8    **THE COURT:**  Do you believe he is entering into this

9  plea freely and voluntarily, with full knowledge of the charge

10  and consequences of the plea?

11    **MR. SINGER:**  I do.

12    **THE COURT:**  Were any promises, representations or

13  guarantees, other than what's in the signed written plea

14  agreement, made to either you or Mr. Assi?

15    **MR. SINGER:**  No, Your Honor.

16    **THE COURT:**  If I accept the plea agreement, I will

17  impose a sentence that includes a term of imprisonment of

18  somewhere between 33 and 41 months.

19      Other than that, did you promise your client a

20  particular sentence if I accepted his guilty plea?

21    **MR. SINGER:**  I did not.

22    **THE COURT:**  Other than what's contained in the signed

23  plea agreement that we've been discussing, and a general

24  discussion of the sentencing guidelines range and other

25  sentencing considerations including the 33 to 41 month term of

1    imprisonment -- other than all of that, did you suggest to your

2    client a specific sentence I would impose or promise him a

3    particular sentence if I accepted his guilty plea?

4              **MR. SINGER:**  No, Your Honor.

5              **THE COURT:**  Is there any reason I should not accept

6    Mr. Assi's plea?

7              **MR. SINGER:**  No, Your Honor.

8              **THE COURT:**  Do you join in the waiver of a jury trial

9    and concur in the plea?

10             **MR. SINGER:**  I do.

11             **THE COURT:**  Mr. Adler, other than what's contained in

12   the signed agreement, did the Government make any promises,

13   representations or guarantees either to Mr. Assi or his counsel?

14             **MR. ADLER:**  No, Your Honor.

15             **THE COURT:**  Does the Government also waive its right

16   to a jury trial?

17             **MR. ADLER:**  We do.

18             **THE COURT:**  Mr. Assi, are you satisfied with

19   Mr. Singer and the representation he's provided to you?

20             **THE DEFENDANT:**  Yes, Your Honor.

21             **THE COURT:**  Did you tell him everything you know about

22   your case?

23             **THE DEFENDANT:**  Yes, I did.

24             **THE COURT:**  Do you believe he fully considered any

25   defense you may have to charges against you?

1          **THE DEFENDANT:**  Yes, I do.

2          **THE COURT:**  Do you believe he fully advised you

3    concerning this case and the consequences of this plea?

4          **THE DEFENDANT:**  Yes.

5          **THE COURT:**  Did you have enough time to discuss your

6    case with Mr. Singer?

7          **THE DEFENDANT:**  Yes, I did.

8          **THE COURT:**  Did you answer all of my questions

9    truthfully?

10          **THE DEFENDANT:**  Yes, I did.

11          **THE COURT:**  Have you understood everything I've said

12   and every question that you've answered?

13          **THE DEFENDANT:**  Yes, Your Honor.

14          **THE COURT:**  Do you believe you are competent to decide

15   to plead guilty?

16          **THE DEFENDANT:**  Yes, Your Honor.

17          **THE COURT:**  Is there any reason I should not accept

18   your guilty plea?

19          **THE DEFENDANT:**  No.

20          **THE COURT:**  Do you understand that if I accept your

21   guilty plea, the only thing remaining in your case will be

22   sentencing, which may include imprisonment?

23          **THE DEFENDANT:**  Yes, Your Honor.

24          **THE COURT:**  Having in mind everything we have

25   discussed so far today, including the rights you will give up

USA v Raminderjit Assi - Proceedings - 6/30/23        36

1    and all other consequences to you, do you want to plead guilty?

2              **THE DEFENDANT:**  Yes, Your Honor.

3              **THE COURT:**  Mr. Adler, Mr. Singer, do you both agree

4    that I've complied with Rule 11?

5              **MR. ADLER:**  Yes, Your Honor.

6              **MR. SINGER:**  Yes, Your Honor.

7              **THE COURT:**  Mr. Assi, in Case Number 20-CR-123, how do

8    you plead to Count Four of the indictment, importation of

9    marijuana into the United States?

10              **THE DEFENDANT:**  Guilty.

11              **THE COURT:**  In United States versus Assi, I questioned

12    Mr. Assi and his counsel on the offer of his plea of guilty to

13    Count Four of the indictment, a felony.

14              He and his counsel advised me they conferred about the

15    offered plea of guilty, all aspects of the charge against

16    Mr. Assi and any defenses that he may have.

17              I observed Mr. Assi's intelligence, demeanor and

18    attitude while answering my questions, and I observed that

19    Mr. Assi does not appear to be under the influence of any

20    medicine, drug or other substance that might affect his actions

21    or judgment in any manner.

22              Based upon all of that, I find that Mr. Assi is fully

23    competent and capable of entering an informed plea, and that he

24    is aware of his Constitutional rights, the nature of the charge

25    and the consequences of the plea.

1        I also find that the guilty plea is knowingly,

2   voluntarily and intelligently made in light of Mr. Assi's

3   complete understanding and appreciation of the nature of the

4   charge, the consequences of the plea and his Constitutional

5   rights.

6        I further find that the plea is supported by an

7   independent factual basis containing each essential element of

8   Count Four.

9        Therefore, I accept Mr. Assi's guilty plea and I defer

10   acceptance of the plea agreement pursuant to Rule 11(c)(3)(A).

11   Mr. Assi is adjudged guilty of Count Four.

12        A written presentence report will be prepared by the

13   probation office to assist the Court.

14        Mr. Assi, you will be asked to meet with the probation

15   officer and to provide information for that report, and your

16   lawyer should attend.

17        Both of you will be able to read the report and file

18   any objections before the sentencing hearing.  You will be able

19   to submit any additional information and motions that are

20   consistent with the terms of the plea agreement and the plea

21   that you just entered.

22        You and your lawyer will be able to speak on your

23   behalf at the sentencing hearing.  Mr. Assi is referred to the

24   probation officer for that presentence report.

25        And the date for sentencing will be what, Ms. Kellogg?

 1          **THE CLERK:**  Judge, October 25th at 10:00 a.m.

 2          **MR. SINGER:**  Judge, we met up with Judge Vilardo

 3   earlier today regarding the Gerace case.  We're scheduled to

 4   start on October 23rd.

 5          Is there a way that we could advance this case earlier

 6   in October?

 7          **THE COURT:**  I don't see why not.  Earlier in October?

 8          **MR. SINGER:**  Perhaps like the 17th or -- I'm thinking

 9   like a Tuesday, Wednesday or Thursday.  And either that --

10          **THE COURT:**  Sure.

11          **MR. SINGER:**  -- the week of the 16th through 20th of

12   before that?

13          **THE COURT:**  Sure.  Give me a moment, Mr. Singer.  I'm

14   going to open up my Outlook here.

15          **MR. SINGER:**  Absolutely, Judge.  Thank you.

16          **THE COURT:**  All right.  October 16, how is that, at

17   2:00 o'clock?

18          **MR. SINGER:**  I can do that, Your Honor.

19          **THE COURT:**  October 16, 2:00 p.m., Mr. Adler?

20          **MR. ADLER:**  Yes, Your Honor.  That works.

21          **THE COURT:**  All right.  So Ms. Henry is not here

22   today.

23          She'll have to get the filing deadlines pulled

24   together that correspond to October 16, because she wasn't

25   planning on that date, so just bear with us on that front.

1          **MR. SINGER:**  Understood, Judge.

2          **THE COURT:**  October 16, 2:00 p.m., you are all ordered

3     to appear on that date and time without any further notice or

4     order of the Court.

5          Mr. Assi is detained, pursuant to Judge Schroeder's

6     April 13, 2022, order of detention.

7          Mr. Singer, do we need to discuss the remand status

8     pending sentencing?

9          **MR. SINGER:**  I don't believe so, Judge.  He has an

10    immigration detainer as well, so --

11         **THE COURT:**  Mr. Assi remains remanded to the custody

12    of the U.S. Marshals.

13         Mr. Adler, anything further from the Government?

14         **MR. ADLER:**  No, Your Honor.

15         **THE COURT:**  Anything further from Mr. Singer?

16         **MR. SINGER:**  No, Judge.

17         **THE COURT:**  Very good.  Have a good weekend,

18    everybody.

19         **MR. ADLER:**  You too, Judge.

20

21              (Proceedings concluded at 1:41 p.m.)

22                        *    *    *

23

24

25

```
 1
 2      In accordance with 28, U.S.C., 753(b), I certify that these
 3    original notes are a true and correct record of proceedings in
 4     the United States District Court for the Western District of
 5          New York before the Honorable John L. Sinatra, Jr.
 6
 7
 8
 9
10     s/ Bonnie S. Weber                    December 26, 2023
11       Signature                              Date
12   BONNIE S. WEBER, RPR
13   Official Court Reporter
     United States District Court
14   Western District of New York
15
16
17
18
19
20
21
22
23
24
25
```